UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Justin Vazquez,

                Plaintiff,

**Hon. Hugh B. Scott**

11CV443
(Consent)[1]

v.

**Decision
&
Order**

Paul Curcione et al.,

                Defendants.

Before the Court is the defendant's motion for summary judgement (Docket No. 16).

**Background**

The plaintiff, Justin Vazquez ("Vazquez") brings this action under 42 U.S.C. § 1983. The plaintiff claims that while he was incarcerated at the Erie County Holding Facility ("Holding Center") on March 14, 2011, officers "Parsons, Gayz, McEwen, Hubert and Oroszi" refused to allow him to visit with his mother and that the officers "forcefully removed" him from the visiting area and used excessive force to his "head, hands, and limbs, causing [him] excessive pain and moderate bruising. He also states that unnamed "medical and security staff" refused him medical attention. (Docket No. 1 at page 5). Vazquez further claims that on April 12, 2011, officers Ladestro, Brigman, Piegza, Balys, DeJoseph Lysarz and Wilbus used excessive force on

---

[1] Pursuant to 28 U.S.C. §636(c), the parties have consented to the jurisdiction of the Magistrate Judge in this matter. (Docket No. 15)

1

him by spraying him with mace and punching and kicking him. He asserts that the defendants put him in a strap chair for over 6 hours without decontaminating him causing him to experience burning for hours. (Docket No. 1 at page 6). Finally, Vazquez claims that on February 8, 2011 he was placed on a segregation block where he "wasn't supposed to be" and he was assaulted. The plaintiff does not assert which, if any, of the defendants were responsible for placing him on the segregation unit, or who assaulted him there. (Docket No. 1 at page 6).

The defendants have filed a motion for summary judgement on the grounds that the plaintiff did not exhaust his administrative remedies by filing grievances with respect to the claims alleged in the complaint. (Docket No. 16).

## Discussion

**Standard of Review**

Summary judgment is appropriate where there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law. See Trans Sport, Inc. v. Starter Sportswear, Inc., 964 F. 2d 186, 188 (2nd Cir. 1992) citing Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). The non-moving party must, "demonstrate to the court the existence of a genuine issue of material fact." Lendino v. Trans Union Credit Information, Co., 970 F.2d 1110, 1112 (2nd Cir. 1992), citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). A fact is material:

> when its resolution would "affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict

for the non-moving party."

General Electric Company v. New York State Department of Labor, 936 F.2d 1448, 1452 (2nd Cir. 1991), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "The non-moving party must come forward with enough evidence to support a jury verdict ... and the ... motion will not be defeated merely ... on the basis of conjecture or surmise." Trans Sport, supra, 964 F.2d at 188. Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Nippon Fire & Marine Ins. Co., Ltd. v. Skyway Freight Systems, Inc., 235 F.3d 53 (2nd Cir. 2000) quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act ("PLRA"), " '[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.' " Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (quoting 42 U.S.C. § 1997e(a)). However, exhaustion is not required: "when (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such [a] way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir.2006); *see also* Macias v. Zenk, 495 F.3d 37, 43 n. 1 (2d Cir.2007) (leaving open the question of whether Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006),

affects the special circumstances exception). The failure to exhaust defense is also subject to estoppel where plaintiff was denied grievance forms or writing materials. Hale v. Rao, 768 F.Supp.2d 367, 376 (N.D.N.Y.,2011) citing Ziemba v. Wezner, 366 F.3d 161, 162–63 (2d Cir.2004) (per curiam). Grievance procedures may be deemed unavailable "where plaintiff is unaware of the grievance procedures or did not understand [them] or where defendants' behavior prevents plaintiff from seeking administrative remedies." Murrary v. Palmer, 2010 WL 1235591, at *5 (N.D.N.Y. Mar. 31, 2010).

Here, the defendants assert that the plaintiff filed grievances on the following dates: March 29, 2011, April 19, 2011, April 21, 2011, May 11, 2011, May 13, 2011, and May 26, 2011. (Docket No. 16-1 at ¶ 7). The defendants have submitted an affidavit by John Rodriguez, Chief in the Erie County Sheriff's Officer. (Docket No. 16-2). Rodriguez testifies that it is his responsibility to review and investigate all inmate grievances at the Erie County Holding Center. He states that he is familiar with Vazquez, and that a review of his records reflects that Vazquez filed six grievances between March 29, 2011 and May 26, 2011 (on the same dates noted above). (Docket No. 16-2 at ¶ 9). Rodriguez further testifies these grievances do not concern or allege the incidents underlying the plaintiff's claims in this case and that he has found "no record of any grievance filed by [Vazquez] with respect to the incidents occurring on March 14, 2011 or April 12, 2011." (Docket No. 16-2 at ¶ 10).[2]

The plaintiff does not dispute that he did not file grievances with respect to these issues but states that he attempted to do so, but was prevented from filing grievances with respect to

---

[2] Rodriguez's affidavit does not refer to the plaintiff's February 8, 2011 claim.

these claims because the deputies refused his requests for grievance forms with respect to these incidents. (Docket No. 20 at ¶¶ 11, 13; Docket No. 21 at page 3).

A similar claim was made by the plaintiff in Dennis v. Westchester County Jail Correctional, 2012 WL 2125837, *1 (2d Cir. 2012). There, the plaintiff asserted that "he attempted to file a grievance with [two officers] but was advised that the issue was non-grievable, and he was not given a grievance form." Dennis, 2012 WL 2125837 at * 1. In remanding the case to the District Court, the Second Circuit stated:

> Dennis alleges that he attempted to file a grievance with Officer Stukes and Sergeant Stallone but was advised that the issue was non-grievable, and he was not given a grievance form. The defendants contend that Dennis could have obtained a grievance form from the law library. However, the Westchester Department of Correction "Standard Operating Procedure" and a United States Department of Justice report suggest that, at the time of the events in question, this was not the case. In concluding that Dennis failed to exhaust his administrative remedies, the district court made no finding as to whether Dennis attempted to file a grievance, whether he was rebuffed, or whether the Department of Correction afforded an alternative way to file. We remand in part for the court to make any such necessary findings to determine if the facts give rise to special circumstances that may justify Dennis's failure to comply with the exhaustion requirement of the PLRA. *See, e.g., Brownell v. Krom,* 446 F.3d 305, 312–13 (2d Cir.2006).

Dennis, 2012 WL 2125837 *1.

The record in this case reflects that grievance forms were to be "available from [the inmate's] housing area officer." (Docket No. 16-2 at page 4). In light of the plaintiff's affidavit stating that he denied grievance forms by deputies at the Holding Center, a question of fact exists in this case as to whether the plaintiff was prevented from filing grievances relating to the claims

5

in the complaint. The defendants' motion for summary judgment is denied without prejudice at this time. The defendants may re-file the motion upon a more complete record which would permit the Court to make the necessary factual findings regarding whether the plaintiff failed to exhaust his administrative remedies, or was prevented from doing so because his requests for grievance forms were denied.

**Amended Scheduling Order**

Pursuant to the Scheduling Order in this case, discovery was to be completed by August 31, 2012. Post-discovery dispositive motions were to be filed by November 30, 2012. (Docket No. 11). By letter dated November 29, 2012, the defendants have requested an extension of time to file post-discovery dispositive motions, as well as to move under Local Rule 5.2(d). The following dates shall apply:

1. Any further dispositive motions, including a motion under Local Rule 5.2(d), shall be filed by January 10, 2013.

2. *If no motions are pending*, a conference to set a trial date shall take place on March 19, 2013 at 2:00 p.m. at the Robert H. Jackson, United States Courthouse, 2 Niagara Square, Buffalo, New York.

So Ordered

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
December 17, 2012